BAKER, Judge
(dissenting):
I concur in the majority’s analytic framework for addressing the lawfulness of an order. As this Court held in United States v. New, 55 M.J. 95 (C.A.A.F.2001), whether an order is lawful is a question of law for the military judge — and not the members — to determine. Before sending a change alleging a violation of a lawful order to the members, a military judge must necessarily make threshold contingent factual conclusions to determine whether the order at issue is lawful.
However, while I agree with the Court’s analysis, I respectfully dissent from the Court’s decision reversing Additional Charge I rather than resolving the underlying question of lawfulness at this time. In my view, we can and should decide now whether the order Appellant received was lawful. The facts are clear and settled with respect to at least the second instance in which the order was issued. In applying the law to the relevant facts now, we can provide clarity to the law, serve both the Government’s and Appel *320 lant’s interest in finality, and serve the interest of judicial economy.
As the majority acknowledges, “[bjecause we review the issue of lawfulness under a de novo standard, we could bypass the military judge’s approach and decide on the basis of the record before us whether the order was lawful.” Nonetheless, “[i]n view of the significant factual aspects of the issue” the Court declines to do so. The Court identifies as the basis for this statement “the multiple versions of the order given in varying contexts.” However, no other “factual aspects” requiring further development are identified that would preclude this Court from deciding the legal question at this time. And particularly, no factual issues are identified with respect to the second issuance of the order.
To start, there is nothing factually unclear about the second issuance of the order. Staff Sergeant (SSgt) Hazen testified that he told Appellant, “In front of your first sergeant, I’m giving you a lawful order to have no contact with Airman [(Amn)] Pennington; and if he approaches you, let somebody in your chain of command know or let me know and we’ll take care of it as soon as possible.” More specifically, SSgt Hazen testified that he issued the order to Appellant while standing outside the entrance to the emergency room. In addition, the following relevant testimony is in the record and quoted in part in the lead opinion.
ATC [Assistant Trial Counsel]: ... At any point during the time you were at the [clinic] with the accused, was his first sergeant there?
WIT [SSgt Hazen]: Yes, sir, he was. He met us there____
Q. Did you give the accused any orders while you were there?
A. Yes, sir. In front of Ms first sergeant [Senior Master Sergeant Speer], I gave Mm a lawful order to have no contact with Airman Pennington.
A. All right. Now, I don’t know if I got this before or not, but was anybody there when you gave this order?
Q. Yes, sir. Airman Lewis, who rode with me, was there. Sergeant Pecqueur also drove separate. She was there; and the first sergeant, at the time Senior Speer, he was there also. I gave the order in front of Senior Speer, and I’m not sure if Sergeant Pecqueur heard it. But Airman Lewis did hear it.
Q. And how is it that you gave the order? A. Ninety-nine percent of the time the orders are always the same and it’s, “I’m [giving] you a lawful order to have no contact with the victim.” At this time, it was Airman Pennington. “And if he does approach you, you need to contact somebody in your chain of command or contact us, and we’ll take care of it right away.” Q. Now, in this particular case, I know that you said, “This is how we do it,” but how was it done in this case?
A. The specifics, I’m — that’s what I’m going to say. I said that — again, it was awhile back and I’m almost positive that’s what I said.
Q .... did the accused acknowledge your order?
A. Yes, sir. I believe he just nodded his head. Throughout — this is based on in front of the emergency room; but in the vehicle, he said, “I know, I know” to me
Emphasis added.
Subsequent examination of SSgt Hazen by defense counsel proceeded as follows:
Q. And you can’t provide the court or the members any more information about the language that you used in communicating with Airman Basie Deisher.
A. The only one I feel comfortable under oath with is the statement that I gave in front of the emergency room.
Q. And you don’t recall the words of that statement to [Appellant].
A: I do feel comfortable saying that what I — I expressed to [trial counsel], that that’s what I said, minus — maybe changing a word or two. But that’s — under oath, I will say that I said that.
In response to questions from members of the panel, SSgt Hazen said that he issued no-contact orders about once a week in his *321 capacity as an investigator and that they were never issued in written form. He also said that in the present case, he issued no-contact orders to both Appellant and Amn Pennington on the same day.
In general, military judges are better situated to rule in the first instance on questions of lawfulness than appellate judges for the obvious reasons that they may ask questions of witnesses, observe their demeanor, and weigh their credibility. However, in this ease, the Court does not identify any outstanding factual questions necessary to resolve the lawfulness of this order. Moreover, although there might arguably remain factual questions regarding the first and third occasions on which SSgt Hazen gave the no-contact order, in all three cases the substance was consistent. So this is not a situation where the order at the clinic was contradicted or clouded by the other orders. The dispute is over the lawfulness of the order and whether or not as a matter of factual and legal sufficiency, Appellant heard and understood the order at least once.
Further, I do not see how the facts are going to be developed further with respect to the second rendering of the order. The key witness, the investigator, testified in detail, and was very careful with his words noting that he was under oath and recalling where he gave the order and who was present. He acknowledged that he could not remember the exact words used each time he gave the order. And, he stated that in accordance with his practice he did not record the order in writing until after he was asked to do so by the trial counsel in anticipation of prosecution. Nonetheless, with respect to the second order, SSgt Hazen stated that in ninety-nine percent of the cases in which he gives a no-contact order he uses the same language and that under oath he was comfortable saying that he was almost positive he used the same language in this instance.
Finally, this is not a case where the error deprived Appellant of presenting his strongest argument to the members or the military judge. The military judge was on the right track when he concluded that:
[Bjased on the proffered facts, the court cannot find as a matter of law the alleged order was unlawful. The defense motion is essentially an argument that the evidence is insufficient to establish either that an order was given or that it was lawful. These are questions of fact for the members to determine.
However, in using the sort of reverse negative that lawyers specially favor, we cannot be sure whether the military judge found the order lawful, stating that he could not find that the order “was unlawful.” Similarly, we cannot know whether “cannot find ... the alleged order was unlawful” means something else.
Further, the military judge appears to have referred not only the elemental facts to the members to determine, but also appears to have referred the question of lawfulness to the members as well. In light of New, this amounted to plain error. But rather than Appellant being prejudiced here, he appears to have benefited from an opportunity for the members, albeit erroneously, as well as the military judge, to evaluate the lawfulness of the order he received.
In deferring the issue, the majority’s view is contradictory and effectively sets apart the issue of lawfulness as a distinct analytic question, unique unto itself. On the one hand, the suggestion is that the question is not really a legal question because this Court feels it cannot resolve it even with a record as plain as the one before us. On the other hand, neither is it a factual question because the Court has found legal error in the military judge’s submission of the question to the members. Thus, the majority converts what was a straightforward legal issue into a jurisprudential hybrid. I do not see the need for this analytic innovation, which may produce uncertainty regarding the enforcement of the most elemental of military traditions: obedience to a lawful order. Readers of the majority’s opinion might well wonder whether the Court finds the question of lawfulness complex. They may wonder what additional facts are required to address lawfulness. Or, it may seem uncertain whether an order must be issued three times in order to be lawful one time. Is there something more a *322 military policeman should do to ensure he or she has conveyed a lawful order? Is there something more an infantry platoon sergeant should do? For the reasons stated, the parties and the law would be better served were we to answer the question before the Court at this time. Therefore, I respectfully dissent.